# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re                                              )
                                                   )
                                                   )          Bankruptcy No. _____
                                                   )
                          Debtor.                  )          Chapter          _____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From   _____, _____    through _____, _____

Amount of Fees Sought:     $_____

Amount of Expense Reimbursement Sought:     $_____

This is an:      Interim Application _____          Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date  | Period  | Total Requested   | Total Allowed     | Fees & Expenses  |
| Filed | Covered | (Fees & Expenses) | (Fees & Expenses) | Previously Paid  |
| ---   | ---     | ---               | ---               | ---              |

Dated: _____          _____
                                                              (Counsel)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lyon Workspace Products, LLC, *et al.*[1] | ) | Case No. 13-2100 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | Hearing: June 3, 2013, 10:00 a.m. |

**NOTICE OF MOTION**

*Please take notice* that on **June 3, 2013** at **10:00 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge, or any other judge sitting in her stead, in Courtroom 615 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached *Final Application of Sea Port Group Securities, LLC for Compensation and Reimbursement of Expenses as Investment Banking Consultant to the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, et al.*, at which time and place you may appear as you see fit.

If you have any objection to the Application, please file and serve the objection by **May 31, 2013**.

*Sea Port Group Securities, LLC*

By:  /s/ Aaron L. Hammer
     One of the Committee's Attorneys

Aaron L. Hammer, Esq. (6243069)
Christopher J. Horvay, Esq. (1263315)
Jack O'Connor, Esq. (6302674)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.372.7951

---

[1] The Debtors in these jointly administered chapter 11 cases are Pride Metals L.L.C., Sycamore Systems, L.L.C., Paris Metal Products, L.L.C., Durand Products, L.L.C., L&D Group, Inc., Miller Global Solutions, L.L.C., and Lyon Workspace Products, Inc.

### CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 9, 2013, a true and correct copy of the *Final Application of Sea Port Group Securities, LLC for Compensation and Reimbursement of Expenses as Investment Banking Consultant to the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, et al.* was served via the Court's CM/ECF system upon all registered counsel and parties of record on the attached Service List.

Date: May 9, 2013                                By:  /s/ Aaron L. Hammer

**Service List**

*Via ECF and E-Mail:*

Office of the U.S. Trustee
Attn: Roman L. Sukley; Kimberly Bacher
219 S Dearborn St, Room 873
Chicago, IL 60604
roman.l.sukley@usdoj.gov
kimberly.bacher@usdoj.gov

Goldberg Kohn Ltd.
Attn: Dimitri G. Karcazes
*Counsel for Capital One Leverage Finance Corp.*
55 East Monroe Street, Suite 3700
Chicago, IL 60603
dimitri.karcazes@goldbergkohn.com

Perkins Coie LLP
Attn: Daniel A Zazove
*Counsel for the Debtors*
31 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
dzazove@perkinscoie.com

Horwood Marcus & Berk Chartered
Attn: George J. Spathis
*Counsel for Cole Taylor Bank*
500 West Madison, Suite 3700
Chicago, IL 60661
gspathis@hmblaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lyon Workspace Products, LLC, *et al.*[2] | ) | Case No. 13-2100 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | Hearing: June 3, 2013, 10:00 a.m. |

**FINAL APPLICATION OF SEA PORT GROUP SECURITIES, LLC FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKING CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LYON WORKSPACE PRODUCTS, LLC, *ET AL.***

Sea Port Group Securities, LLC ("*Seaport*"), investment banking consultant to the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, *et al.* (the "*Committee*"), appointed in the above-captioned bankruptcy case, hereby submits its *Final Application of Sea Port Group Securities, LLC for Compensation and Reimbursement of Expenses as Investment Banking Consultant to the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, et al.* (the "*Fee Application*") under §§ 328 of title 11 of the United States Code (the "*Bankruptcy Code*"), Federal Rule of Bankruptcy Procedure 2016, Local Rule 5082-1, and in accordance with the Court's *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Members of the Official Committee of Unsecured Creditors* (the "*Compensation Order*") [Dkt. 136.]  In support of the Fee Application, Seaport states as follows:

---

[2]   The Debtors in these jointly administered chapter 11 cases are Pride Metals L.L.C., Sycamore Systems, L.L.C., Paris Metal Products, L.L.C., Durand Products, L.L.C., L&D Group, Inc., Miller Global Solutions, L.L.C., and Lyon Workspace Products, Inc.

## JURISDICTION & VENUE

1.  The Court has jurisdiction over this matter under §§ 1334 and 157(a) of title 28 of the United States Code and Local Rule 5082-1. This is a core proceeding under § 157(b)(2) of title 28 of the United States Code. Venue is proper in this district under §§ 1408 and 1409 of title 28 of the United States Code.

2.  The statutory predicates for the relief requested in this Fee Application are §§ 328, 503(b), and 507(a)(1) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Local Rule 5082-1.

## BACKGROUND

3.  Lyon Workspace Products, LLC, *et al.* (the "*Debtors*"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "*Cases*") with the Court on January 19, 2013 (the "*Petition Date*").

4.  Soon after the Petition Date, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code.

5.  The Committee submitted an application (the "*Retention Application*") to the Court seeking to employ Seaport to serve as its investment banking consultant to represent it in carrying out its duties under the Bankruptcy Code and to specifically perform financial services related to the sale of the Debtors' assets. The Court entered an order (the "*Retention Order*") granting the Retention Application on March 7, 2013 (the "*Retention Date*"). [Dkt. 121.]

6.  Under the terms of the Retention Order, Seaport's compensation for professional services performed in these Cases is based on a flat, up-front fee of $10,000.00 (the "*Retainer Fee*") to be used to pay Seaport's expenses, and a "Contingent Success Fee" formula, calculated as 6.0% of the amount exceeding the greater of:

2

  (a) A threshold amount of $19.4 million realized at an auction of the Debtors' assets; or

  (b) The total amount of secured debt held by and paid to Capital One Leverage Finance Corp. and Cole Taylor Bank, determined at the time of a closing of a sale under section 363 of the Bankruptcy Code, and inclusive of any Carveout amounts actually paid to professionals employed in these Cases consisting of professional fees and reimbursement of expenses, as defined under the Court's Final Financing Order [Dkt. 106.]

*See* (Retention Order ¶ 3(b)). Any remaining balance of the Retainer Fee not used to pay expenses was to be credited against the gross amount of the Contingent Success Fee to calculate Seaport's total compensation in these Cases (the "*Net Contingent Success Fee*"). *See id.* at ¶ 3(a).

  7. The Debtors held an auction for the sale of substantially all their assets on April 16, 2013. The Court approved the results of the auction on April 17, 2013 (the "*Sale Order*"), valuing the winning bid at $22.15 million. *See* (Sale Order Ex. A, at 50) [Dkt. 203-1.]

  8. At the time of the closing of the sale, the amount of the secured debt held by and paid to Capital One Leverage Finance Corp. and Cole Taylor Bank, fell below the $19.4 million threshold amount (the "*Threshold*"), at approximately $18 million, plus $1.345 million in estimated amounts to be paid to the Carveout professionals under the Final Cash Collateral Order, collectively equal to $19.345 million, thus rendering the Threshold as the appropriate baseline figure for calculating Seaport's Net Contingent Success Fee.

  9. This application is Seaport's first and final request for allowance of fees and reimbursement of expenses. By this Fee Application, Seaport seeks an order (a) allowing and approving final compensation of **$156,113.36** in compensation for professional services rendered by Seaport in these Cases; (b) allowing and approving final reimbursement of **$1,113.36** as reimbursement for Seaport's expenses in these Cases to be applied as a credit against Seaport's

3

Retainer Fee; and (c) authorizing payment to Seaport for amounts approved under the Fee Application not already paid by the Debtors, subject in all respects to pending orders of this Court.

### NARRATIVE SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED BY SEAPORT

10. All of the services for which Seaport requests compensation were rendered to or for the benefit of the Committee in connection with these Cases. The time described in the billing statements attached to this Fee Application as *Exhibit A* represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by Seaport's professionals who rendered the described services.

11. Seaport did not charge the Debtors' estates at hourly rates of compensation for its professional services, instead adopting the Contingent Success Fee model approved pursuant to section 328 of the Bankruptcy Code, which does not dictate application of the ordinary standard for review of § 327(a) professional fees under § 330 of the Bankruptcy Code, but rather applies an "improvidence" standard in relation to authorizing professional fees, only allowing a reduction or denial of professional compensation if the "terms and conditions [of the professional's preapproved retention] prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a); *see also Paloian v. Grupo Serla S.A. de C.V. (In re GGSI Liquidation, Inc.)*, 433 B.R. 19, 45 (N.D. Ill. 2010); *F.V. Steel & Wire Co. v. Houlihan Lokey Howard & Zukin Capital, L.P.*, 350 B.R. 835, 838-42 (E.D. Wis. 2006). No such developments have occurred in these Cases. The Debtors conducted the auction process with Seaport's support in a traditional investment banking fashion, contacting and working with hundreds of potential bidders, with Seaport actually performing the bulk of the work in the preparation of the CIM (defined below).

**A.      Summary of Services Rendered & Amount of Seaport's Fee Request**

12.     During the Fee Application Period, Seaport spent a total of **296.6** hours providing professional services on behalf of the Committee in connection with these Cases.  A summary of the time Seaport's professionals spent, itemized by professional, is set forth below:

| Name | Title | Total Hours |
|---|---|---|
| James L. Tumulty | Senior Managing Director | 49.3 |
| Ed Seigel | Managing Director | 113.8 |
| Toby Kreidler | Managing Director | 69.9 |
| Jon Silverman | General Counsel | 8.1 |
| Michael Rotch | Analyst | 59.0 |
| | **Total:** | **300.1** |
| | **Imputed Blended Hourly Rate:** | **$520.20** |

*1)  Summary of Services*

13.     In an effort to provide the Court and parties in interest with information concerning the nature and amount of services rendered during the Fee Application Period, and in compliance with Local Rule 5082-1B and C, Seaport has attached detailed time entries of its services for which compensation is sought under this Fee Application.  Given the limited scope of Seaport's engagement in these Cases as the Committee's investment banking consultant, all of Seaport's time fell within a single category of services: the marketing and sale of the Debtors' assets.  Seaport's detailed time entries are attached to this Fee Application as *Exhibit A*.  In summary, Seaport's performed the following tasks:

(a)     Seaport prepared a Confidential Information Memorandum ("*CIM*"), for the Debtors' use in marketing their assets to potential bidders, an essential component for successfully marketing the Debtors' assets for sale, that did not exist before the Debtors' section 363 sale process began;

(b)     Seaport monitored and assisted the Debtors' section 363 sale process by supporting the Debtors' professionals in the marketing and execution of the sale of the Debtors' assets, contacting their own industry contacts and working to build a robust sale that would deliver value for unsecured creditors;

5

 (c) Seaport analyzed the Debtors' long-term business plan and related financial projections to assist the Committee's evaluation of the potential long term viability of a restructured Lyon

 (d) (a) Seaport reviewed and assessed incoming bids and worked with other Committee professionals to support the Committee's evaluation of incoming bids before and at the auction;

 (e) Seaport evaluated the Debtors' financial liquidity, debt capacity and capital structure and considered alternatives to improve such liquidity; and

 (f) Seaport actively participated in negotiations among the Committee, the Debtors and other creditors, suppliers, and other interested parties from its Retention Date to the conclusion of the auction for sale of substantially all of the Debtors' assets.

14. Through Seaport's efforts, the Debtors' auction process produced significant value for the estates over the amount of the Threshold established under the Retention Order.

### 2) Amount of Fees Sought

15. Seaport seeks compensation for the Net Contingent Success Fee in the total amount of $156,113.36 under this Fee Application as calculated below:

| | |
|---|---|
| Sale Price | $22,150,000.00 |
| Threshold | $19,400,000.00 |
| **Difference** | **$2,750,000.00** |
| Gross Contingent Success Fee[3] | $165,000.00 |
| Retainer Fee Credit | ($8,886.64) |
| **Net Contingent Success Fee** | **$156,113.36** |

### B. Expense Reimbursement

16. In an effort to provide the Court and parties in interest with information concerning the nature and amount of reimbursable expenses incurred during these Cases, Seaport has included an itemized schedule of its expenses incurred during the Fee Application Period, set forth in *Exhibit B* attached to this Fee Application.

---

[3] Representing six percent (6%) of difference between sale price and Threshold.  *See* (Retention Order at ¶ 3(b)).

17. Seaport incurred expenses in the amount of $1,113.36 in connection with charges associated with its duties as the Committee's investment banking consultant, principally including travel-related expenses to attend the Debtors' auction on April 16th.

18. All expenses incurred by Seaport in connection with its representation of the Committee were ordinary and necessary expenses. All expenses billed to the Committee were credited against the Retainer Fee.

19. Seaport does not bill its clients or seek compensation in this Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, electronic research, and facsimile transmissions. Such expenses are factored into Seaport's operating costs.

### C. Benefit to the Estate

20. Seaport's services rendered during these Cases provided significant benefit to the Debtors' estates and unsecured creditors in its role as the Committee's investment banking consultant, and Seaport's requested compensation should be approved on a final basis.

21. Seaport has provided valuable assistance and guidance to the Committee and its constituents in the pursuit of maximizing value for unsecured creditors. And in coordination with the Debtors' professionals, Seaport ensured a robust sale process yielding the best possible purchase price for the Debtors' assets and maximizing creditor recoveries.

### D. Seaport Has Provided Adequate Notice and Opportunity to Object to this Fee Application

22. In compliance with Bankruptcy Rule 2002(a)(6) and the Compensation Order, Seaport has provided twenty-one (21) days' notice of this Fee Application to (a) the Debtors and their counsel; (b) the Office of the United States Trustee; (c) counsel to Capital One Leverage

Finance Corp.; (d) counsel to Cole Taylor Bank; and (e) all parties requesting electronic service via the Court's CM/ECF system under Bankruptcy Rule 2002.

23.     Objections to this Fee Application may be made in writing by May 31, 2013, filed with the Clerk of Court for the Northern District of Illinois and sent to Sugar Felsenthal Grais & Hammer LLP, c/o Aaron L. Hammer, Esq., 30 N. LaSalle Street, Ste. 3000, Chicago, IL 60602.

*Wherefore*, Seaport requests the entry of an order substantially in the form attached to this Fee Application that:

(a) Allows and approves final compensation to Seaport in the total amount of $156,113.36.00, for professional services rendered by Seaport, and allows authorizes the total amount of $1,113.36 for actual and necessary expenses incurred by Seaport during these Cases, credited against Seaport's Retainer Fee;

(b) Authorizes payment to Seaport for all amounts approved under the Fee Application, including those not already paid by the Debtors, subject in all respects to pending orders of this Court; and

(c) Provides Seaport with such additional relief as appropriate under the circumstances.

*Sea Port Group Securities, LLC*

By:   /s/ Aaron L. Hammer
        One of the Committee's Attorneys

Aaron L. Hammer, Esq. (6243069)
Christopher J. Horvay, Esq. (1263315)
Jack O'Connor, Esq. (6302674)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.372.7951
ahammer@SugarFGH.com
chorvay@SugarFGH.com
joconnor@SugarFGH.com

*Counsel for the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, et al.*

4814-0909-5443, v. 4