**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Lyon Workspace Products, LLC, *et al.*[1] | ) Case No. 13-2100 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Honorable Janet S. Baer |
| | ) |
| | ) Hearing: August 4, 2014; 9:30 a.m. |

**NOTICE OF MOTION**

*Please take notice* that on **August 4, 2014,** at **9:30 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge, or any other judge sitting in her stead, in Courtroom 615 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached *Second and Final Application of Sugar Felsenthal Grais & Hammer LLP for Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC et al.*, at which time and place you may appear as you see fit.

If you have any objection to the Application, please file and serve the objection by **July 28, 2014**.

> *The Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, et al.*
>
> By: /s/ Aaron L. Hammer
>   One of Its Attorneys
>
> Aaron L. Hammer, Esq. (6243069)
> Christopher J. Horvay, Esq. (1263315)
> Jack O'Connor, Esq. (6302674)
> **SUGAR FELSENTHAL GRAIS & HAMMER LLP**
> 30 N. LaSalle St., Ste. 3000
> Chicago, Illinois 60602
> Telephone: 312.704.9400
> Facsimile: 312.372.7951

---

[1] The Debtors in these jointly administered chapter 11 cases are Pride Metals L.L.C., Sycamore Systems, L.L.C., Paris Metal Products, L.L.C., Durand Products, L.L.C., L&D Group, Inc., Miller Global Solutions, L.L.C., and Lyon Workspace Products, Inc.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lyon Workspace Products, LLC, *et al.*[1] | ) | Case No. 13-2100 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable Janet S. Baer |

**COVER SHEET FOR SECOND AND FINAL APPLICATION FOR PROFESSIONAL COMPENSATION FOR SUGAR FELSENTHAL GRAIS & HAMMER LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| | |
|---|---|
| Name of Applicant: | Sugar Felsenthal Grais & Hammer LLP |
| Authorized to Provide Services to: | The Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, *et al.* |
| Date of Order Authorizing Employment: | February 19, 2013 [Dkt. 87] |
| Period for which Compensation is Sought: | February 5, 2013 through June 6, 2014 |
| Amount of Fees Sought: | $496,447.25 |
| Amount of Expense Reimbursement Sought: | $1,054.19 |

This is Sugar Felsenthal Grais & Hammer LLP's Final Fee Application

**Previously Filed Fee Applications**

| Date Filed | Period Covered | Total Requested | Total Allowed | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| May 22, 2013 | February - April 2013 | $266,627.71 | $251,894.98 | $105,000.00 |

| | |
|---|---|
| Date:   July 1, 2014 | SUGAR FELSENTHAL GRAIS & HAMMER LLP |
| | By: _____/s/ Aaron L. Hammer, Esq._____ |

---

[1] The Debtors in these jointly administered chapter 11 cases are Pride Metals L.L.C., Sycamore Systems, L.L.C., Paris Metal Products, L.L.C., Durand Products, L.L.C., L&D Group, Inc., Miller Global Solutions, L.L.C., and Lyon Workspace Products, Inc.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lyon Workspace Products, LLC, *et al.*[2] | ) | Case No. 13-2100 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | Hearing: August 4, 2014; 9:30 a.m. |

**SECOND AND FINAL APPLICATION OF SUGAR FELSENTHAL GRAIS & HAMMER LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LYON WORKSPACE PRODUCTS LLC, *ET AL.***

Sugar Felsenthal Grais & Hammer LLP ("*SugarFGH*"), counsel to the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, *et al.* (the "*Committee*"), appointed in the above-captioned bankruptcy case, hereby submits its Second and Final Application for Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, et al. (the "*Final Fee Application*") under § 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Federal Rule of Bankruptcy Procedure 2016, Local Rule 5082-1, and in accordance with the Court's *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Members of the Official Committee of Unsecured Creditors* (the "*Compensation Order*"),[3] and the *Order (I) Approving Adequacy of Disclosure Statement; and (II) Confirming the Debtors' and Official Committee of Unsecured Creditors' Joint Plan of*

---

[2] The Debtors in these jointly administered chapter 11 cases are Pride Metals L.L.C., Sycamore Systems, L.L.C., Paris Metal Products, L.L.C., Durand Products, L.L.C., L&D Group, Inc., Miller Global Solutions, L.L.C., and Lyon Workspace Products, Inc.

[3] (Dkt. 136.)

*Liquidation* (the "*Confirmation Order*").[4] In support of the Final Fee Application, SugarFGH states:

### JURISDICTION & VENUE

1. The Court has jurisdiction over this matter under §§ 1334 and 157(a) of title 28 of the United States Code and Local Rule 5082-1. This is a core proceeding under § 157(b)(2) of title 28 of the United States Code. Venue is proper in this district under §§ 1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested in this Final Fee Application are §§ 330, 331, 503(b), and 507(a)(2) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Local Rule 5082-1.

### BACKGROUND

**A.  Case Proceedings**

3. Lyon Workspace Products, LLC, *et al.* (the "*Debtors*"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "*Cases*") with the Court on January 19, 2013 (the "*Petition Date*").

4. Soon after the Petition Date, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code.

5. The Committee submitted an application (the "*Retention Application*") to the Court seeking to employ SugarFGH to represent it in carrying out its duties under the Bankruptcy Code and to perform other legal services necessary for the Committee. The Court granted the Retention Application on February 19, 2013.[5]

---

[4] (Dkt. 528.)

[5] (Dkt. 87.)

6.  The Committee and Debtors submitted a joint plan of liquidation (the "*Plan*") to the Court on March 19, 2014.[6] The Court entered the Confirmation Order on May 20, 2014.[7] A notice of Plan confirmation was later filed, setting June 6, 2014 as the Plan Effective Date,[8] at which time the Committee dissolved, thereby ending SugarFGH's engagement as Committee counsel.

## B.    SugarFGH's Past Fee Applications & Monthly Statements

7.  The Compensation Order authorizes each professional retained in these Cases, including SugarFGH, to file and serve on the parties identified in the Compensation Order (the "*Notice Parties*") monthly statements of fees and expenses. If no timely objection was filed before the expiration of the objection period, the Debtors were authorized to pay the professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the monthly statement.

8.  SugarFGH submitted one interim application for fees and reimbursement of expenses (the "*First Interim Fee Application*") before this Final Fee Application. The First Interim Fee Application, along with the amounts allowed by the Court under the First Interim Fee Application, is attached here as *Exhibit A* and summarized below:

| Date Filed (Dkt. #) | Period Covered | Gross Fees | Fees Requested Net of Blended Rate Cap | Expenses Requested | Fees Allowed | Expenses Allowed |
| --- | --- | --- | --- | --- | --- | --- |
| 5/22/2013 (Dkt. 250) | Feb. – Apr. 2013 | $398,769.00 | $265,934.98 | $692.73 | $251,202.25 | $692.73 |

9.  In accordance with the Compensation Order, SugarFGH filed 13 monthly statements (the "*Monthly Statements*") following the submission of the First Interim Fee Application, summarized below:

---

[6] (Dkt. 482.)

[7] (Dkt. 528.)

[8] (Dkt. 539.)

3

| Monthly Period (Dkt. #) | Gross Fees | Fees Net of Blended Rate Cap | Fees Sought (80%) | Fees Withheld (20%) | Expenses Sought (100%) |
|---|---|---|---|---|---|
| May 2013 (Dkt. 276) | $36,877.00 | $27,072.50 | $21,658.00 | $5,414.50 | $74.89 |
| June 2013 (Dkt. 301) | $13,011.50 | $9,165.00 | $7,332.00 | $1,833.00 | $0.00 |
| July 2013 (Dkt. 329) | $18,856.00 | $11,407.50 | $9,126.00 | $2,281.50 | $0.00 |
| Aug. 2013 (Dkt. 358) | $13,166.00 | $8,937.50 | $7,150.00 | $1,787.50 | $0.00 |
| Sept. 2013 (Dkt. 409) | $12,155.00 | $8,287.50 | $6,630.00 | $1,657.50 | $0.00 |
| Oct. 2013 (Dkt. 393) | $17,786.00 | $11,895.00 | $9,516.00 | $2,379.00 | $0.00 |
| Nov. 2013 (Dkt. 411) | $11,752.00 | $8,612.50 | $6,890.00 | $1,722.50 | $0.00 |
| Dec. 2013 (Dkt. 456) | $31,785.00 | $21,937.50 | $17,550.00 | $4,387.50 | $0.00 |
| Jan. 2014 (Dkt. 462) | $23,703.50 | $14,852.50 | $11,882.00 | $2,970.50 | $0.00 |
| Feb. 2014 (Dkt. 472) | $49,822.00 | $33,735.00 | $26,988.00 | $6,747.00 | $64.40 |
| Mar. 2014 (Dkt. 507) | $50,431.50 | $33,702.50 | $26,962.00 | $6,740.50 | $9.60 |
| Apr. 2014 (Dkt. 529) | $26,121.00 | $19,825.00 | $15,860.00 | $3,965.00 | $0.00 |
| May 2014 (Dkt. 549) | $48,668.00 | $36,237.50 | $28,990.00 | $7,247.50 | $212.57 |
| Totals: | $354,134.50 | $245,667.50 | $196,534.00 | $49,133.50 | $361.46 |

10. Under the Compensation Order, First Interim Fee Application, and the Monthly Statements filed to date, SugarFGH has received interim payments of fees totaling $447,320.25 and $1,054.19 for expense reimbursements. Accordingly—assuming this Final Fee Application is allowed in full—SugarFGH shall be due a total amount of compensation for fees and expenses equal to $49,127.00.

11. This application is SugarFGH's second and final request for allowance of fees and reimbursement of expenses. By this Final Fee Application, SugarFGH seeks an order (a) allowing and approving final compensation to SugarFGH of **$496,447.25** in compensation for professional services rendered by SugarFGH for the period beginning February 5, 2013 and ending June 6, 2014 (the "*Application Period*"), and reimbursement of **$1,054.19** for actual and necessary expenses incurred by SugarFGH during the Application Period; and (b) authorizing

4

payment to SugarFGH for amounts approved under the Final Fee Application not already paid by the Debtors, subject in all respects to subsequent orders of this Court.

### NARRATIVE SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED BY SUGARFGH

12.   All of the services for which compensation is requested were rendered to or for the benefit of the Committee in connection with the Cases.  The time described in the billing statements attached to this Final Fee Application represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by SugarFGH attorneys and paralegals that rendered the described services.  In certain instances, the time reflected in the billing statements has been reduced to reflect SugarFGH's determination that certain time accrued on tasks that, in hindsight, may have proven unnecessary.

13.   SugarFGH's hourly rates of compensation for attorneys and paraprofessionals during the Application Period range from $125 to $695.  Those rates are comparable to rates charged by other practitioners having the same level of experience, expertise, and standing for similar services.  SugarFGH consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible.

14.   Under the terms of its engagement agreement with the Committee, however, and in the interests of preserving estate assets, SugarFGH has provided a blended rate cap credit to the Committee for its fees, having agreed that the total blended rate of SugarFGH's fees would not exceed $325 per hour in a given month (the "*Blended Rate Cap*"), subject to a final reconciliation upon the conclusion of the Cases and SugarFGH's submission of a final application for interim compensation and expense reimbursement.  During the Application Period, SugarFGH's Blended Rate Cap provided savings to the Debtors' estates totaling **$242,426.00**.

15.     SugarFGH submits that the compensation sought under this Final Fee Application represents a fair and reasonable amount for the services rendered during the Application Period given the criteria set forth in §§ 327 and 330 of the Bankruptcy Code for evaluating applications for compensation, namely:

    (i)    the nature, extent and value of the services;

    (ii)    the time spent;

    (iii)    the rates charged for such services;

    (iv)    the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed; and

    (v)    the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters.

**A.    Summary of Services Rendered**

16.     During the Application Period, SugarFGH spent a total of **1,570.7** hours providing professional services on behalf of the Committee in connection with these Cases. A summary of the compensation sought for the Application Period, itemized by professional and paraprofessional, are set forth below:

**Remainder of Page Intentionally Left Blank**

| Name | Title | 2013--2014 Rates | Total Hours | Total Fees |
|---|---|---|---|---|
| Aaron L. Hammer | Senior Partner | $675--$695 | 350.0 | $237,470.00 |
| Christopher J. Horvay | Partner (Counsel through 2013) | $550--$595 | 438.5 | $245,234.00 |
| Mark S. Melickian | Partner (Counsel through 2013) | $550--$595 | 16.3 | $9,307.00 |
| Etahn M. Cohen | Partner | $550--$595 | 28.1 | $14,272.00 |
| William F. McGuinn | Partner | $550--$595 | 0.3 | $165.00 |
| David M. Madden | Associate | $395 | 35.8 | $13,131.00 |
| Michael A. Brandess | Associate | $365--$395 | 269.7 | $102,991.50 |
| John R. O'Connor | Associate | $305--$355 | 374.9 | $117,504.50 |
| Jamie R. Netznik | Associate (Law Clerk through Oct. 2013) | $125--$275--$295 | 4.6 | $1,315.00 |
| Paris C. Love | Paralegal | $220--$235 | 48.5 | $10,956.50 |
| Dennis J. Tirlea | Paralegal | $220 | 0.6 | $132.00 |
| Myles R. MacDonald | Law Clerk | $125 | 3.4 | $425.00 |
| | | Total: | 1,570.7 | $752,903.50 |
| | | Fee Application Gross Blended Hourly Rate: | | $479.34 |
| | | Total Fees Net of $325/Hour Blended Rate Cap: | | $510,477.50 |
| | | Total Fees Net of Blended Rate Cap & Allowed Fees Under First Interim Fee Application: | | $496,447.25 |

17.     In an effort to provide the Court and parties in interest with information concerning the nature and amount of services rendered during the Application Period, and in compliance with Local Rules 5082-1B and C, SugarFGH has classified its services for this Application Period in thirteen separate categories. A description of the services performed for each category, and a summary of each professional and paraprofessional's services for each category, is summarized below. Additionally, each of these categories of services is identified in SugarFGH's detailed Monthly Statements, attached to this Final Fee Application as *Exhibit B*.

*1) General Case Administration*

SugarFGH spent 139.1 hours at a gross cost of $61,358.50 on general matters. This category includes time spent reviewing and analyzing the Debtors' first day motions and incoming pleadings; preparing and arguing a combined objection to the Debtors' debtor-in-possession financing motion and motion to establish bid procedures; corresponding with various parties

7

in these Cases; drafting a motion to establish information distribution procedures to general unsecured creditors; conducting internal strategy meetings and preparing general internal memoranda on the Cases; preparing for and attending hearings on general case matters; and corresponding with parties-in-interest concerning general case matters. This category also includes matters which encompass more than one discrete category.

*2) Schedules & Reports*

SugarFGH spent 13.5 hours at a gross cost of $8,127.00 on issues relating to schedules and reports. This category includes time spent reviewing and analyzing the Debtors' schedules and amendments to their schedules, as well as reviewing the Debtors' monthly operating reports.

*3) Investigation of Operations & Assets*

SugarFGH spent 19.3 hours at a gross cost of $10,544.50 related to investigations of the Debtors' operations and assets. This category primarily includes time spent preparing for and attending the Debtors' meeting of creditors conducted by the U.S. Trustee; and time corresponding with the Debtors' financial advisors to ascertain the status of the Debtors' operations in these Cases. This category also includes time spent investigating the Debtors' prepetition operations in relation to workers' compensation claims, and corresponding with the Debtors' professionals and other parties in interest to determine the extent of any claims that could be asserted against the estates.

*4) SugarFGH Retention & Fee Applications*

SugarFGH spent 127.8 hours at a gross cost of $49,014.00 related to preparing its monthly fee statements and interim fee applications. This category includes time spent preparing SugarFGH's application to be retained as Committee counsel; preparing and filing monthly statements for submission to the Debtors as authorized under the Compensation Order;[9] addressing questions and objections raised by parties in interest relating to the Monthly Statements; and time spent drafting and preparing this Final Fee Application.

*5) Other Professional Retention & Fee Applications*

SugarFGH spent 214.5 hours at a gross cost of $96,851.00 related to reviewing and scrutinizing the employment applications, monthly fee statements, and interim fee applications of other professionals. This category includes time spent reviewing monthly statements of work performed by the Debtors' professionals including Perkins Coie LLP, and Focus Management Group. This category also includes substantial amounts of time spent by SugarFGH's professionals preparing retention applications and monthly fee statements for the Committee's investment banking firm Sea Port Group Securities, LLC ("*Seaport*"), and its financial advisory firm Protiviti, Inc., as well as negotiating with the Debtors and other

---

[9] (Dkt. 137.)

parties in interest regarding the terms of these professionals' retention. In Seaport's case, substantial time was spent preparing for a potential contested hearing regarding its retention and negotiating the ultimate terms of its retention. SugarFGH's professionals also expended significant time and effort preparing for and appearing at contested hearing regarding the allowance of Seaport's requested compensation post-sale. Finally, this category includes time spent reviewing and preparing monthly and final fee applications for Protiviti, Inc. as the Committee's financial advisor.

### 6) *Executory Contracts & Unexpired Leases*

SugarFGH spent 4.1 hours at a gross cost of $2,220.00 on issues related to executory contracts and unexpired leases. SugarFGH spent time analyzing and reviewing objections to and issues raised in relation to the assignment of executory contracts.

### 7) *Claims Analysis & Objections*

SugarFGH spent 133.7 hours at a gross cost of $66,317.00 on matters related to analyzing claims and priority issues raised by several key parties including but not limited to pension funds, unions and sureties. In particular, substantial time was spent analyzing the potential rights and claims of the Pension Benefit Guaranty Corporation (the "*PBGC*") and, at the Debtors' request, negotiating with the PBGC regarding the value of its claims against the Debtors' estates and reaching a settlement with the PBGC regarding the value and treatment of its asserted claims.

### 8) *Secured Creditors*

SugarFGH spent 94.1 hours at a gross cost of $48,588.00 on matters related to secured creditors. This category primarily includes time spent analyzing the amount, extent and validity of liens and security interests asserted by Capital One Leverage Finance Corp. and Cole Taylor Bank (collectively, the "*Lenders*"); drafting several objections to the Debtors' proposed cash collateral and debtor-in-possession financing order; analyzing other matters (e.g., guarantor issues) related to the Lenders' secured position; and reviewing and negotiating with the Lenders, the Debtors, and other key parties over cash collateral issues and documentation.

### 9) *Creditor Inquiries*

SugarFGH spent 12.1 hours at a gross cost of $5,184.00 on matters related to Creditor Inquiries. This category primarily includes time spent corresponding with general unsecured creditors regarding the status of the Cases and addressing various issues raised by these parties.

### 10) *Committee Meetings & Governance*

SugarFGH spent 86.0 hours at a gross cost of $39,366.00 on matters related to Committee meetings and governance. This category primarily includes time spent drafting committee

9

governance documents including committee bylaws and instructional materials; corresponding with Committee members regarding the status of the Cases; conducting telephonic meetings of the Committee; and drafting minutes of those meetings.

### 11) Asset Sales

SugarFGH spent 236.5 hours at a gross cost of $131,284.50 on matters related to asset sales. This category primarily includes time spent preparing a preliminary objection to the Debtors' proposed bidding procedures; participating in negotiations and corresponding with potential bidders interested in purchasing the Debtors' assets; corresponding with the Debtors' and Committee's professionals regarding the progress toward the sale of the Debtors' assets; evaluating bids submitted for the purchase of the Debtors' assets; preparing for and actively participating in the auction for the Debtors' assets; and participating in the sale hearing to approve the results of the auction.

### 12) Avoidance Actions

SugarFGH spent 62.3 hours at a gross cost of $26,096.50 on matters related to analyzing potential avoidance actions of the Debtors' estates, as well as communicating with the Debtors regarding those actions. SugarFGH's work analyzing the value of these claims to the Debtors' estates provided useful information in the drafting and approval of the Plan, as well as laying a framework for the postconfirmation pursuit of these actions by the liquidating trustee appointed under the Plan.

### 13) Plan & Disclosure Statement

SugarFGH spent 427.7 hours at a gross cost of $207,952.50 on matters related to a joint plan and disclosure statement, including communications with the Debtors regarding the extension of the exclusive period for filing the Plan; drafting the Plan and its related disclosure statement under an agreement with the Debtors; and analyzing various issues relating to the Plan and disclosure statement. SugarFGH engaged in substantive discussions with the Debtors and various other parties in interest concerning the terms of the Plan and the treatment of interested parties. SugarFGH bore the significant initial investment of its time and resources drafting the Plan and disclosure statement in concert with the Debtors. In addition to drafting the Plan and disclosure statement, SugarFGH expended considerable efforts concerning solicitation of the Plan, negotiation over and selection of a suitable liquidating trustee and, finally, implementing the Plan. Furthermore, due to SugarFGH's considerable efforts on the Committee's behalf, general unsecured creditors and other parties in interest voted nearly unanimously in favor of, or otherwise supported, the Plan.

**B.    Expense Reimbursement**

18.    In compliance with Local Rule 5082-1B(1)(g), detailed itemizations of all expenses incurred during the Application Period are set forth in *Exhibit C* attached to this Final

Fee Application. Expenses during the Application Period were incurred in the following categories:

   a. *Photocopying*

   SugarFGH incurred copying and printing charges in the amount of $198.00. SugarFGH charges clients $0.10 per copy.

   b. *CM/ECF Access Charges*

   SugarFGH incurred charges for use of the Court's internal CM/ECF filing system in the amount of $11.01

   c. *Miscellaneous Charges*

   SugarFGH incurred additional expenses in the amount of $844.98 in connection with miscellaneous matters, including transportation and meeting expenses.

19. All expenses incurred by SugarFGH in connection with its representation of the Committee were ordinary and necessary expenses. All expenses billed to the Committee were billed in the same manner SugarFGH bills its non-bankruptcy clients.

20. SugarFGH does not bill its clients or seek compensation in this Final Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, electronic legal research, and facsimile transmissions. Such expenses are factored into SugarFGH's hourly rates.

**C.    Benefit to the Estates**

21. SugarFGH's services rendered during the Application Period were beneficial to the Debtors' estates and unsecured creditors, and its requested compensation should be approved on a final basis.

22. SugarFGH provided valuable assistance and guidance to the Committee and its constituents in the pursuit of maximizing value for unsecured creditors, especially with respect to representing the interests of general unsecured creditors after the acquisition of the senior

secured debt by Echelon Capital ("*Echelon*"), the sale of the Debtors' assets, and the ultimate confirmation of the Plan.

23. After Echelon acquired the senior secured debt position in these Cases, SugarFGH worked with the Debtors and Echelon to ensure that the best possible outcome resulted for unsecured creditors. SugarFGH's professionals conducted negotiations for a potential stalking horse bid by the ultimate buyer, LWP Group, which assisted the Debtors' estates by helping establish a potential floor for LWP Group's final bid approved by this Court.

24. Moreover, SugarFGH's professionals maintained a constant dialogue with competing bidders, including the GRP Group, producing value for the estates by assuring that a competitive auction occurred between competing bidders for the Debtors' assets.

25. Through the course of the auction, SugarFGH's professionals also negotiated a final bid by LWP Group that added substantial value to the estates by increasing LWP Group's bid to assure payment of significant sums for employee health and benefit claims, administrative expense claims, and the funding needed to pursue the Plan.

26. Moreover, throughout the sale process, SugarFGH's negotiations with prospective bidders, and its active participation at the successful auction for the Debtors' assets also provided benefit to the Debtors' estates. SugarFGH's analysis of the Lenders' secured position and understanding of the value of the Debtors' assets, both as a going concern, and on an orderly liquidation basis, facilitated the Committee's strong participation in the sale of the Debtors' assets exceeding the total amount of secured debt in these Cases, which will ultimately result in a direct economic benefit and possible dividend to unsecured creditors.

27. Finally, post-sale, SugarFGH's professionals expended significant effort to bring about the most beneficial result for general unsecured creditors in these Cases, negotiating

settlements of potentially onerous claims against the estates, and recapturing significant cash settlements for the Debtors' estates to fund creditor recoveries. SugarFGH also undertook chief responsibility for drafting and revising the Plan at significantly discounted rates, ensuring preservation of estate assets for the benefit of creditors.

28.     SugarFGH actively and zealously represented the Committee in all matters during these chapter 11 proceedings. SugarFGH's services rendered during the Fee Application Period were beneficial to the estate and unsecured creditors, and its requested compensation should be approved on a final basis.

**D.     SugarFGH Has Provided Adequate Notice and Opportunity to Object to this Final Fee Application**

29.     In compliance with Bankruptcy Rule 2002(a)(6) and the Compensation Order, SugarFGH has provided twenty-one (21) days' notice of this Final Fee Application to (a) the Debtors and their counsel; (b) the Office of the United States Trustee; (c) counsel for Capital One Leverage Finance Corp., as Agent; (d) counsel for Cole Taylor Bank; (e) counsel to Echelon Capital and LWP Group; and (f) all parties requesting electronic service via the Court's CM/ECF system under Bankruptcy Rule 2002.

30.     Objections to this Final Fee Application may be made in writing by July 28, 2014, filed with the Clerk of this Court and sent to Sugar Felsenthal Grais & Hammer LLP, c/o Aaron L. Hammer, Esq., 30 N. LaSalle Street, Ste. 3000, Chicago, IL 60602.

*Wherefore*, SugarFGH requests the entry of an order substantially in the form attached to this Final Fee Application that:

(a) Allows and approves final compensation to SugarFGH of **$496,447.25** in compensation for professional services rendered by, and reimbursement of **$1,054.19** for actual and necessary expenses incurred by SugarFGH during the Application Period;

(b) Authorizes payment to SugarFGH for amounts approved under the Final Fee Application, including those not already paid by the Debtors, subject in all respects to pending orders of this Court; and

(c) Provides SugarFGH with such additional relief as appropriate under the circumstances.

*Sugar Felsenthal Grais & Hammer LLP*

By:   /s/ Aaron L. Hammer
         One of Its Attorneys

Aaron L. Hammer, Esq. (6243069)
Christopher J. Horvay, Esq. (1263315)
Jack O'Connor, Esq. (6302674)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.372.7951
ahammer@SugarFGH.com
chorvay@SugarFGH.com
joconnor@SugarFGH.com

*Counsel for the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, et al.*

4831-2862-8243, v. 1