**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lyon Workspace Products, LLC, *et al.*,[1] | ) | Case No. 13-2100 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | Hearing: August 4, 2014; 9:30 a.m. |

**NOTICE OF MOTION**

*Please take notice* that on **August 4, 2014 at 9:30 a.m.** or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge, or any other judge sitting in her stead, in Courtroom 615 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the attached *Second and Final Application of Protiviti, Inc. for Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, et al.*, at which time and place you may appear as you see fit.

If you have any objection to the application, please file and serve the objection by **July 28, 2014**.

Date: July 3, 2014

*Protiviti, Inc.*

By: /s/ Aaron L. Hammer
      One of Its Attorneys

Aaron L. Hammer, Esq. (6243069)
Christopher J. Horvay, Esq. (1263315)
Jack O'Connor, Esq. (6302674)
**SUGAR FELSENTHAL GRAIS & HAMMER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.372.7951

---

[1] The Debtors in these jointly administered chapter 11 cases are Pride Metals L.L.C., Sycamore Systems, L.L.C., Paris Metal Products, L.L.C., Durand Products, L.L.C., L&D Group, Inc., Miller Global Solutions, L.L.C., and Lyon Workspace Products, Inc.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lyon Workspace Products, LLC, *et al.*,[1] | ) | Case No. 13-2100 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable Janet S. Baer |

**SECOND AND FINAL APPLICATION OF PROTIVITI, INC. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LYON WORKSPACE PRODUCTS, LLC, ET AL.**

Protiviti, Inc. ("*Protiviti*"), as financial advisor to the Official Committee of Unsecured Creditors (the "*Committee*") of Lyon Workspace Products, LLC, *et al.* ("*Lyon*" or the "*Debtors*"), through counsel submits this *Second and Final Application of Protiviti, Inc. for Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC et al.* (the "*Final Fee Application*") under § 328 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 5082-1 of the Local Bankruptcy Rules (the "*Local Rules*"), and in accordance with the Court's *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Members of the Official Committee of Unsecured Creditors* (the "*Compensation Order*"),[2] and the *Order (I) Approving Adequacy of Disclosure Statement; and (II) Confirming the Debtors' and Official Committee of Unsecured*

---

[1] The Debtors in these jointly administered chapter 11 cases are Pride Metals L.L.C., Sycamore Systems, L.L.C., Paris Metal Products, L.L.C., Durand Products, L.L.C., L&D Group, Inc., Miller Global Solutions, L.L.C., and Lyon Workspace Products, Inc.

[2] (Dkt. 136.)

*Creditors' Joint Plan of Liquidation* (the "*Confirmation Order*").[3] In support of the Final Fee Application, Protiviti states:

### JURISDICTION & VENUE

1. This Court has jurisdiction over this matter under §§ 1334 and 157(a) of title 28 of the United States Code and Local Rule 5082-1. This is a core proceeding under § 157(b)(2) of title 28 of the United States Code. Venue is proper in this district under §§ 1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested in this Final Fee Application are §§ 328, 503(b), and 507(a)(1) of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 5082-1.

### BACKGROUND

**A.  Case Proceedings**

3. This Final Fee Application is Protiviti's second and final request for allowance of fees and reimbursement of expenses. By this Final Fee Application, Protiviti seeks an order allowing and approving final compensation in the amount of **$182,141.00** for professional services rendered by Protiviti to the Committee as its financial advisor from February 14, 2013 through June 6, 2014 (the "*Fee Application Period*"), and reimbursement of **$4,178.72** in actual and necessary expenses and disbursements incurred during the Fee Application Period. This final compensation amount reflects a $52,030.00 discount given on $234,171.00 in total fees billed during the Fee Application Period.

4. The Debtors filed voluntary petitions for chapter 11 bankruptcy protection (the "*Cases*") on January 19, 2013 (the "*Petition Date*"). On February 4, 2013, the United States

---

[3]  (Dkt. 528.)

2

Trustee appointed the Committee to represent the interests of the Debtors' unsecured creditors under § 1102 of the Bankruptcy Code, and filed a notice of appointment of the Committee on February 6, 2013.[4]

5.  After the Committee selected Protiviti to serve as its financial advisor in these Cases, the Committee submitted an application (the "*Retention Application*") to the Court seeking to employ Protiviti as its financial advisor to perform necessary professional services.[5] On March 5, 2013, the Court granted the Retention Application.[6]

6.  The Committee and Debtors submitted a joint plan of liquidation (the "*Plan*") to the Court on March 19, 2014.[7] The Court entered the Confirmation Order on May 20, 2014.[8] A notice of Plan confirmation was later filed, setting June 6, 2014 as the Plan Effective Date,[9] at which time the Committee dissolved, thereby ending Protiviti's engagement as the Committee's financial advisor.

**B.   Protiviti's Past Fee Applications & Monthly Statements**

7.  In accordance with the Compensation Order, Protiviti filed an interim application for compensation and reimbursement of expenses (the "*First Interim Application*") on May 22, 2013, requesting fees in the amount of $75,000.00 and reimbursement of expenses in the amount of $3,127.39.[10] On July 15, 2013, the Court granted the First Interim Application and awarded

---

[4]   *See* (Dkt. 56.)

[5]   (Dkt. 90.)

[6]   (Dkt. 117.)

[7]   (Dkt. 482.)

[8]   (Dkt. 528.)

[9]   (Dkt. 539.)

[10]  (Dkt. 251.)

3

Protiviti $75,000.00 in fees and $3,127.39 in expenses.[11]  The First Interim Application is attached here as *Exhibit A*.

8. Protiviti also filed thirteen monthly statements (the "*Monthly Statements*") following the First Interim Application, summarized below:

| Monthly Period (Dkt. #) | Gross Fees | Fees Sought (80%) | Fees Withheld (20%) | Expenses Sought (100%) |
|---|---|---|---|---|
| May 2013 (Dkt. 286) | $14,336.00 | $11,468.80 | $2,867.20 | $0.00 |
| June 2013 (Dkt. 300) | $1,856.00 | $1,484.80 | $371.20 | $0.00 |
| July 2013 (Dkt. 337) | $6,290.00 | $5,032.00 | $1,258.00 | $0.00 |
| August 2013 (Dkt. 358) | $16,242.00 | $12,993.60 | $3,248.40 | $273.90 |
| September 2013 (Dkt. 430) | $13,452.00 | $10,761.60 | $2,690.40 | $357.94 |
| October 2013 (Dkt. 400) | $7,770.00 | $6,216.00 | $1,554.00 | $305.00 |
| November 2013 (Dkt. 432) | $5,054.00 | $4,043.20 | $1,010.80 | $0.00 |
| December 2013 (Dkt. 446) | $940.00 | $752.00 | $188.00 | $0.00 |
| January 2014 (Dkt. 466) | $3,343.00 | $2,674.40 | $668.60 | ($529.63)[12] |
| February 2014 (Dkt. 512) | $11,408.00 | $9,126.40 | $2,281.60 | $0.00 |
| March 2014 (Dkt. 505) | $7,889.00 | $6,311.20 | $1,577.80 | $0.00 |
| April 2014 (Dkt. 537) | $5,918.00 | $4,734.40 | $1,183.60 | $0.00 |
| May 2014 (Dkt. 555) | $12,643.00 | $10,114.40 | $2,528.60 | $643.42 |
| Totals | $107,141.00 | $85,712.80 | $21,428.20 | $1,050.63 |

The Monthly Statements are attached here as *Exhibit B*.  No objections to the Monthly Statements were filed.

9. Under the Compensation Order, the Court's order approving the First Interim Application,[13] and the Monthly Statements, Protiviti has received interim payments of fees

---

[11]  (Dkt. 310.)

[12]  This negative expense figure reflects a downward adjustment from a duplication from April 2013 discovered by Protiviti's professionals during January 2014.

4

totaling $115,426.40, and $3,534.60 for expense reimbursements. Presuming this Final Fee Application is allowed in full, Protiviti shall be due a total amount of compensation for fees and expenses equal to $67,358.02. Protiviti now seeks final approval of its fees and expenses in these Cases upon the conclusion of its engagement by the Committee.

### NARRATIVE SUMMARY OF SERVICES RENDERED

10. All of the services for which compensation is requested were rendered to or for the benefit of the Committee in connection with these Cases. The time described in the billing statements attached to the Monthly Statements represent the actual amount of time spent or, in certain instances, less than the actual amount of time spent by Protiviti's professionals who rendered the described services. In certain instances, the time reflected in the Monthly Statements has been reduced in an effort by Protiviti to eliminate excessive, duplicative, or in hindsight, unnecessary or unproductive services.

11. Protiviti's hourly rates of compensation for its professionals during the Fee Application Period ranged from $150.00 to $620.00. Protiviti consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient and practical manner possible.

12. Under the terms of its engagement agreement with the Committee, Protiviti agreed to cap its monthly professional fees at $25,000.00 per month (the "*Monthly Fee Cap*"), subject to a final reconciliation upon the conclusion of the Cases and Protiviti's submission of a final application for interim compensation and expense reimbursement.

---

[13] (Dkt. 310.)

5

A.     **Summary of Services Rendered**

13.    During the Fee Application Period, Protiviti spent a total of **533.60** hours providing professional services on behalf of the Committee in connection with these Cases. A summary of the compensation sought for the Fee Application Period, itemized by professional and paraprofessional, is set forth below:

| Name | Abbreviation | Hourly Rate | Total Hours | Fees |
|---|---|---|---|---|
| Michael Atkinson | MLA | $620 | 142.8 | $89,163.00 |
| Jason Crockett | JNC | $440 | 205.1 | $91,332.00 |
| Andrew Frisvold | AMF | $320 | 95.9 | $31,314.00 |
| Robin Jacobsen | RAJ | $400 | 1.5 | $600.00 |
| John Lyons | JKL | $580 | 1.7 | $986.00 |
| Joan Murphy | JM | $200 | 47.7 | $9,589.00 |
| Bryan Randolph | BKR | $150 | 7.0 | $1,050.00 |
| Barry Rieger | BR | $400 | 12.4 | $4,960.00 |
| Timothy Strickler | TMS | $260 | 19.5 | $5,177.00 |

**Totals:     533.60     $234,171.00**
**Blended Hourly Rate for Hourly Matters:     $341.34**

14.    In an effort to provide the Court and parties in interest with information concerning the nature and amount of services rendered during the Fee Application Period, and in compliance with Local Rule 5082-1B and C, Protiviti has classified its services in sixteen distinct categories, described in further detail below. Additionally, each of these categories of services is identified in Protiviti's detailed time entries in the First Interim Fee Application and Monthly Statements, attached to this Final Fee Application as Exhibits A, and B, respectively.

*1) Case Administration*

Protiviti spent 28.2 hours at a gross cost of $14,030.00 during the Fee Application Period on general case matters, including review and analysis of the Debtors' schedules and records, conducting internal conflicts checks, and corresponding with various parties in interest in these Cases. This category also includes time spent on more than one discrete matter by Protiviti's professionals.

*2) Asset Purchase Agreement*

Protiviti spent 10.0 hours at a gross cost of $4,976.00 during the Fee Application Period reviewing and analyzing the terms in the proposed asset purchase agreement to purchase the

6

Debtors' assets submitted by LWP Group, the successful bidder at the auction for the Debtors' assets.

*3) Asset Analysis & Recovery*

Protiviti spent 1.5 hours at a gross cost of $725.00 during the Fee Application Period preparing a global analysis of these Cases for presentation to the Committee to aid it in understanding the Debtors' financial progress in chapter 11, and to craft a strategy for realizing value for general unsecured creditors through the conclusion of these Cases and under the Plan.

*4) Asset Disposition*

Protiviti spent 27.8 hours at a gross cost of $14,356.00 during the Fee Application Period preparing an analysis of the Debtors' assets for presentation to the members of the Committee.

*5) Claims Administration & Objections*

Protiviti spent 68.6 hours at a gross cost of $30,116.00 during the Fee Application Period analyzing specific issues relating to claims against the Debtors and related matters, including analyzing potential claims held by the Pension Benefit Guaranty Corporation.

*6) Fee & Employment Applications*

Protiviti spent 13.8 hours at a gross cost of $5,422.00 during the Fee Application Period preparing and reviewing its employment application and Monthly Fee Statements, including the affidavit of Michael Atkinson submitted in support of Protiviti's Retention Application.

*7) Financing*

Protiviti spent 10.8 hours at a gross cost of $4,752.00 during the Fee Application Period analyzing issues relating to the Debtors' debtor-in-possession financing agreement and budget proposed at the outset of these Cases, as well as supporting the Committee's attorneys in preparing objections to the Debtors' proposed debtor-in-possession financing motion.

*8) Meeting of Creditors*

Protiviti spent 39.0 hours at a gross cost of $18,640.00 during the Fee Application Period preparing for, corresponding with, and attending meetings of the Committee and various conferences with the Committee's professional working group, the Debtors' professionals, and other parties in interest.

*9) Business Analysis*

Protiviti spent 21.8 hours at a gross cost of $4,696.00 during the Fee Application Period analyzing the Debtors' business model and potential post-sale profitability in the marketplace

as a continued operating entity, as well as the value of the Debtors' assets if sold through an orderly liquidation.

### 10) Plan & Disclosure Statement

Protiviti spent 89.5 hours at a gross cost of $46,142.00 during the Fee Application Period analyzing the benefit of a reorganization strategy in these Cases as opposed to the sale of the Debtors' assets under section 363 of the Bankruptcy Code, including an analysis of the treatment of claims under a reorganization strategy, comparing the reorganization analysis to an orderly liquidation analysis, and corresponding with the Debtors' and Committee's professionals regarding the benefits of these strategies. This category also includes analyzing the feasibility and related issues of the Plan.

### 11) Accounting & Auditing

Protiviti spent 9.5 hours at a gross cost of $3,640.00 during the Fee Application Period analyzing the Debtors' proposed budget, the underlying assumptions supporting the budget, and the Debtors' actual financial progress through these Cases compared to the Debtors' budgeted projections.

### 12) Data Analysis

Protiviti spent 142.7 hours at a gross cost of $58,783.00 during the Fee Application Period analyzing and reviewing documentation provided to Protiviti by the Debtors to assess various aspects of the Debtors' financials in these Cases, including the draft disclosure statement. Additionally, this category includes time spent analyzing various other documents pertaining to the Cases, including preference bucket reports, Plan feasibility analyses and professional fee requests.

### 13) Litigation Consulting

Protiviti spent 64.9 hours at a gross cost of $26,017.00 during the Fee Application Period preparing an initial analysis of chapter 5 avoidance actions held by the Debtors in an effort to appropriately value bids submitted for the purchase of the Debtors' assets, analyzing proposed preference settlements and section 503(b)(9) claim waivers, and analyzing various preference defenses.

### 14) Tax Consulting

Protiviti spent 1.7 hours at a gross cost of $986.00 during the Fee Application Period reviewing and analyzing tax compliance requirements for the joint Plan, and reviewing and analyzing potential tax reporting issues.

*15) Reconstruction Accounting*

Protiviti spent 0.4 hours at a gross cost of $176.00 during the Fee Application Period reviewing the Committee's objections to the Debtors' proposed bid procedures and supporting the Committee's attorneys in constructing arguments relating to those objections.

*16) Research*

Protiviti spent 3.4 hours at a gross cost of $714.00 during the Fee Application Period on research related to the Committee's fiduciary duty to pursue preference actions and related to pleadings required for the Plan.

**B.     Expense Reimbursement**

15. In compliance with Local Rule 5082-1B(1)(g), detailed itemizations of all expenses incurred during the Fee Application Period are set forth in the First Interim Fee Application and Monthly Statements, attached to this Final Fee Application as Exhibits A and B, respectively. Expenses during the Fee Application Period were incurred in the total amount of $4,178.72 in connection with miscellaneous matters, including transportation, lodging and meeting expenses for meetings with the Committee, the Debtors' professionals, and attending the auction of the Debtors' assets and subsequent sale hearing.

16. All expenses incurred by Protiviti in connection with its representation of the Committee were ordinary and necessary expenses. All expenses billed to the Committee were billed in the same manner Protiviti bills its non-bankruptcy clients.

17. Protiviti does not bill its clients or seek compensation for certain overhead expenses, such as local and long-distance telephone calls, secretarial services and facsimile transmissions. Protiviti factors these expenses into its hourly rates.

**C.     Benefit to the Estates**

18. Protiviti provided services and performed work in these Cases vital to the Committee's ability to obtain the best possible outcome for its constituents, including assisting the Committee and its counsel in developing strategies and negotiating with the Debtors and

9

other interested parties with respect to the treatment of claims and interests under the Plan. Protiviti's analysis of the Debtors' operations and financial data ensured that the Debtors' valuations of their assets and proposed sale process brought about the best possible outcome for the Debtors' estates, further maximizing creditor recoveries in these Cases.

19. Given the criteria set forth in the Bankruptcy Code for evaluating applications for compensating professionals, namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Protiviti respectfully submits that this amount represents a fair and reasonable amount for the allowance of compensation in these Cases.

**D.    Protiviti Has Provided Adequate Notice and Opportunity to Object to this Final Fee Application**

20. In compliance with Bankruptcy Rule 2002(a)(6) and the Compensation Order, Protiviti has provided 21 days' notice of this Final Fee Application to (a) the Debtors and their counsel; (b) the Office of the United States Trustee; (c) counsel for Capital One Leverage Finance Corp., as Agent; (d) counsel for Cole Taylor Bank; (e) counsel to Echelon Capital and LWP Group; and (f) all parties requesting electronic service via the Court's CM/ECF system under Bankruptcy Rule 2002.

21. Objections to this Final Fee Application may be made in writing by July 28, 2014, filed with the Clerk of this Court and sent to Sugar Felsenthal Grais & Hammer LLP, c/o Aaron L. Hammer, Esq., 30 N. LaSalle St., Ste. 3000, Chicago, IL 60602.

*Wherefore*, Protiviti requests that the Court enter an order substantially in the form attached to this Final Fee Application that:

(a) Allows and approves final compensation to Protiviti of $182,141.00 for professional services rendered, and reimbursement of $4,178.72 for actual and necessary expenses incurred by Protiviti during the Fee Application Period as the Committee's financial advisor;

(b) Authorizes payment to Protiviti for amounts approved under the Final Fee Application, including those not already paid by the Debtors, subject in all respects to pending orders of this Court; and

(c) Provides Protiviti with such additional relief as may be appropriate under the circumstances.

Date: July 3, 2014

*Protiviti, Inc.*

By:  /s/  Aaron L. Hammer
      One of the Committee's Attorneys

Aaron L. Hammer, Esq. (6243069)
Christopher J. Horvay, Esq. (1263315)
Jack O'Connor, Esq. (6302674)
SUGAR FELSENTHAL GRAIS & HAMMER LLP
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:   312.704.9400
Facsimile:   312.372.7951

*Counsel for the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, et al.*

4843-8489-6026, v. 1

11