IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>LYON WORKSPACE PRODUCTS, L.L.C., *et al.*[1],<br><br>               Debtor. | Chapter 11<br><br>Case No. 13-2100<br><br>Jointly Administered<br><br>Honorable Janet S. Baer |

**SUPPLEMENT TO THE FINAL APPLICATION OF DANIEL A. ZAZOVE, KATHLEEN STETSKO AND THE PARTNERS, ASSOCIATES AND PARA-PROFESSIONALS OF PERKINS COIE, LLP FOR THE ALLOWANCE OF COMPENSATION AND EXPENSE REIMBURSEMENT**

At the hearing conducted on August 18, 2014, the Bankruptcy Court requested that Daniel Zazove, Kathleen Stetsko and the partners, associates and para-professionals of Perkins Coie, LLP (collectively "Perkins Coie") supplement their final application for allowance of final compensation in the amount of $655,534.33 for 1,323.5 hours of services rendered to the Debtors from January 19, 2013 through June 30, 2014. In particular, the Court requested additional information supplementing the request for $37,102.00 in fees for 75.3 hours devoted to the drafting and implementation of a Plan of Reorganization, along with the Disclosure Statement and Liquidating Trust Agreement, in the Debtors' cases. A Joint Plan was proposed by the Debtors and the Committee on March 19, 2014 and confirmed by the Bankruptcy Court on May 20, 2014. The requested compensation for Perkins Coie's services breaks down as follows:[2]

---

[1] The other Debtors in these jointly administered chapter 11 cases are Pride Metals L.L.C., Sycamore Systems, L.L.C., Paris Metal Products, L.L.C., Durand Products, L.L.C., L&D Group, Inc., Miller Global Solutions, L.L.C., and Lyon Workspace Products, Inc.

[2] Full time records are attached to Perkins Coie's Fee Applications.

| Hours and Compensation Requested for Court Appearances | | | |
|---|---|---|---|
| **PROFESSIONAL/POSITION** | **HOURS** | **2013-14 RATE** | **FEE** |
| Daniel A. Zazove (Partner) | 33.4 | 630.00 | **$21,042.00** |
| Kathleen A. Stetsko (Associate) | 39.3 | 390.00 | **$15,327.00** |
| Charles R. Gibbs (Associate) | 2.1 | 305.00 | **$ 640.50** |
| Nancy Saldinger (Paralegal) | .5 | 185.00 | **$92.50** |
| **TOTAL** | **75.3** | | **$37,102.00** |

Of the 75.3 hours, approximately 5 hours were spent on routine plan-related matters. For example, on August 6, 2013, Ms. Stetsko spent .7 hours drafting a motion to extend plan exclusivity. Further, about 15 hours were devoted to analyzing the feasibility of proposing a Plan, including addressing whether there were sufficient assets to confirm a Plan. For example, on September 16, 2013 and October 4, 2013, Mr. Zazove corresponded with parties about the Debtors' workers' compensation policy and whether the Debtor could expect a refund of the letter of credit which secured the policy. Ultimately it was a partial refund of this letter of credit which funded the Plan. After confirmation, Perkins Coie expended about 4 hours of time conferring with the appointed Trustee of the Liquidating Trust, Norm Newman, regarding the assets, liabilities and administration of the trust.

However, the lion's share of Perkins Coie's time (~50 hours) was spent reviewing and revising multiple, iterative drafts of the Plan of Reorganization, Disclosure Statement and Trust Agreement and conferring with Committee counsel about the same. Although the Debtors lacked certainty that their remaining resources would adequately support a confirmable Plan, the Committee was adamant that a sizeable recovery from avoidance actions was likely and that a Plan was feasible. The Committee asserted that a structured dismissal or conversion to Chapter 7

was unwanted.[3]  Provided that a confirmable plan could be drafted, the Debtors agreed to propose a join plan with the Committee.  In proposing a joint Plan, the Debtors and their counsel, Perkins Coie, sought to assure that all constituents' interests would be adequately represented and the cases would wind down in an orderly fashion.

In this circumstance, Perkins Coie believes that the counsel and comments its lawyers provided were necessary to shape a confirmable Plan of Reorganization, an adequate Disclosure Statement and the Liquidating Trust.  In particular, Perkins attorneys provided extensive, written comments to the draft Plan of Reorganization in October 2013 (~10 hours of time) and to various iterations of the revised Plan and other associated documents in early 2014 (~30 hours of time).  Between late December 2013 and mid-March 2014, the Committee sent to Perkins Coie for its review seven drafts of the Plan, six drafts of the Disclosure Statement, four drafts of the Trust Agreement, and three drafts of the Solicitation Motion.  Although Perkins Coie attempted to aggregate its commentary and review as much as possible, substantial time was devoted to reviewing and commenting on each of these documents.[4]  Perkins Coie also provided extensive oral commentary throughout the drafting process and attended multiple conferences with Committee counsel.

As was noted in the Final Application, Perkin Coie was instrumental in the preservation and sale of the Debtors' business as a going concern and the continued employment of its workforce.  Although the ultimate distribution to general unsecured creditors remains undetermined and may well be insignificant, Perkins Coie submits that its services materially contributed to a coherent, confirmable Plan of Reorganization so that the case could be

---

[3] As counsel to the Committee repeatedly reminded the Debtors, because all secured creditors had been paid in full, unsecured creditors, represented by their Committee fiduciaries, were the stakeholders in the case.

[4] Perkins Coie believes that its emails, letters and written comments to these plans is privileged attorney work product.  However, counsel will certainly submit this documentation to chambers for review, if the Court requests.

concluded.

**WHEREFORE,** Perkins Coie prays for the entry of an order**:**

    a.    Allowing final compensation in the amount of final compensation in the amount of $655,534.33 for 1,323.5 hours of services rendered to the Debtors between January 19, 2013 and June 30, 2014, inclusive;

    b.    For a final award of expense reimbursement of $16,091.60 for out-of-pocket costs advanced on behalf of the Debtors between January 19, 2013 and June 30, 2014, inclusive;

    c.    For an order allowing the Plan Trustee to pay Perkins Coie the previously unpaid amounts from the available funds of the Plan Trust; and

    d.    For such other and further relief as is just.

    Respectfully submitted,

    PERKINS COIE LLP

    By: /s/ Daniel A. Zazove
        One of the Attorneys for the Debtors

Daniel A. Zazove, ARDC No. 3104117
Kathleen A. Stetsko, ARDC No. 6297704
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
312.324.8400

*CERTIFICATE OF SERVICE*

Daniel A. Zazove, an attorney, hereby certifies that he caused a copy of **SUPPLEMENT TO THE FINAL APPLICATION OF DANIEL A. ZAZOVE, KATHLEEN STETSKO AND THE PARTNERS, ASSOCIATES AND PARA-PROFESSIONALS OF PERKINS COIE, LLP FOR THE ALLOWANCE OF COMPENSATION AND EXPENSE REIMBURSEMENT**, to be served on all parties requesting ECF notice on September 2, 2014 before the hour of 5:00 p.m.

By: s/ Daniel A. Zazove
PERKINS COIE LLP
Daniel A. Zazove (ARDC 3104117)
Kathleen A. Stetsko (ARDC 6297704)
dzazove@perkinscoie.com
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL  60603-5559
312.324.8400

*Counsel to the Debtors*