UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 13-2100 |
| LYON WORKSPACE PRODUCTS, | ) | Jointly Administered |
| L.L.C., *et al.*, | ) | |
| Debtors. | ) | |
| | ) | Honorable Janet S. Baer |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO DANIEL A. ZAZOVE, KATHLEEN STETSKO AND THE PARTNERS, ASSOCIATES AND PARA-PROFESSIONALS OF PERKINS COIE, LLP, ATTORNEYS FOR THE DEBTORS, ALLOWANCE AND PAYMENT OF THIRD AND FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TOTAL FEES REQUESTED: $52,459.00[1]     TOTAL COSTS REQUESTED: $350.94
TOTAL FEES REDUCED: $0.00                TOTAL COSTS REDUCED: $0.00
TOTAL FEES ALLOWED: $52,459.00           TOTAL COSTS ALLOWED: $350.94

FINAL FEES AND COSTS ALLOWED: $671,625.93[2]

The Court, after having reviewed the third and Final Application of Daniel A. Zazove, Kathleen Stetsko and the Partners, Associates and Para-Professionals of Perkins Coie, LLP for the Allowance of Compensation and Expense Reimbursement (the "Debtors' Third and Final Application") and the supplement to the Debtors' Third and Final Application dated September 2, 2014 (the "Supplement"), hereby makes the following findings of fact and conclusions of law in support of its order regarding the Debtors' Third and Final Application.

At the original hearing on the Debtors' Third and Final Application, the Court requested that both Debtors' counsel and committee counsel supplement their applications to explain the justification for spending significant hours during the case on matters related to the plan and disclosure statement. Specifically, the Court expressed concern because the Debtors' assets were all sold pursuant to a section 363 sale early on in the case. It thereafter took thirteen months until a plan was confirmed, but that plan was a fairly straightforward liquidating plan. In the Supplement, Debtors' counsel indicates that the lion's share of its time was spent reviewing and revising multiple, iterative drafts of the plan, disclosure statement, and trust agreement and conferring with committee counsel about the same. Debtors' counsel also indicates that "[a]lthough the Debtors lacked certainty that their remaining resources would adequately support a confirmable Plan, the Committee was adamant that a sizeable recovery from avoidance actions

---

[1] This amount is for the third fee application which covers only the period December 1, 2013 to June 30, 2014. The awards for the first and second interim applications, in the total amount of $618,815.99, shall by this order become final.

[2] This amount is the final allowance of fees and expenses in this case and reflects the total of allowed fees and expenses in the first, second, and third fee applications.

1

was likely and that a Plan was feasible. The Committee asserted that a structured dismissal or conversion to Chapter 7 was unwanted." Debtors' counsel further suggested that the advice and comments its lawyers provided were necessary to shape a confirmable plan, an adequate disclosure statement, and the liquidating trust.

After having reviewed the Debtors' Third and Final Application, their Supplement, and the applications and supplements filed by both committee counsel and its financial advisor, the Court determines that the fees and expenses requested by the Debtors in their Third and Final Application for matters related to the plan and disclosure statement are reasonable and will be allowed, along with all of the other fees and expenses requested in the Third and Final Application.

Dated: October 3, 2014

_____
Janet S. Baer
United States Bankruptcy Judge