UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 13-2100 |
| LYON WORKSPACE PRODUCTS, | ) | Jointly Administered |
| L.L.C., *et al.*, | ) | |
| Debtors. | ) | |
| | ) | Honorable Janet S. Baer |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
AWARDING TO PROTIVITI, INC., FINANCIAL ADVISOR TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, ALLOWANCE AND PAYMENT OF
SECOND AND FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $107,141.00[1] | TOTAL COSTS REQUESTED: | $1,050.63 |
| TOTAL FEES REDUCED: | $0.00 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $107,141.00 | TOTAL COSTS ALLOWED: | $1,050.63 |

FINAL FEES AND COSTS ALLOWED: $186,319.02[2]

The Court, after having reviewed the Second and Final Application of Protiviti, Inc. for
Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to
the Official Committee of Unsecured Creditors of Lyon Workspace Products, LLC, *et al.*
("Protiviti's Second and Final Application") and the supplement to Protiviti's Second and Final
Application filed on September 2, 2014 (the "Supplement"), hereby makes the following
findings of fact and conclusions of law in support of its order regarding Protiviti's Second and
Final Application.

At the original hearing on Protiviti's Second and Final Application, the Court asked
Protiviti to supplement its application to explain the justification for spending 89.5 hours during
the second application period (as well as 12.4 hours during the first application period) on
matters related to the plan and disclosure statement. Specifically, the Court expressed concern
because the Debtors' assets were all sold pursuant to a section 363 sale early on in the case. It
thereafter took thirteen months until a plan was confirmed, but that plan was a fairly
straightforward liquidating plan. In the Supplement, Protiviti, through committee counsel,
indicates that the process of drafting an agreeable plan proved complex, involving numerous
iterations based on input from multiple parties, analysis of the Debtors' remaining assets to
ensure the plan's feasibility, and delays to the process unattributable to the committee or Protiviti
which resulted in multiple material revisions of the plan documents. Protiviti also explains that it
undertook the responsibility of analyzing the Debtors' post-sale assets and provided a credible

---

[1] This amount is for the second fee application which covers only the period May 2013 to June 2014. The award for
the first interim application, in the total amount of $78,127.39, shall by this order become final.

[2] This amount is the final allowance of fees and expenses in this case and reflects the total of allowed fees and
expenses in the first and second applications.

liquidation analysis in support of the plan.  As Debtors' counsel stated in its supplement, "the ultimate distribution to general unsecured creditors remains undetermined and may [very] well be insignificant."  The liquidation analysis prepared with the assistance of Protiviti in support of the plan shows that the outcome for creditors from conversion to chapter 7 versus confirming a liquidating chapter 11 plan was a close call.

As a result of the Supplement, however, the Court now better understands some of the issues facing Protiviti in preparing, negotiating, and finalizing the liquidating plan and disclosure statement.  Thus, the Court has determined that the fees and expenses requested by Protiviti in its Second and Final Application for matters related to the plan and disclosure statement, as well as other matters, are reasonable and will be allowed.

Dated:  October 3, 2014

Janet S. Baer
United States Bankruptcy Judge